# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

JUDY WILBANKS                                                         PETITIONER

V.                                                                    NO. 3:10CV076-M-A

MARGARET BINGHAM, et al.                                              RESPONDENTS

## MEMORANDUM OPINION

This cause comes before the court on the petition of Judy Wilbanks, inmate number L5879, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court finds that the Respondents' motion to dismiss shall be granted and the petition dismissed with prejudice.

### A. *Factual and Procedural Background*

Wilbanks pled guilty to capital murder and aggravated assault in the Circuit Court of Tippah County. On May 22, 2003, Wilbanks was sentenced to life imprisonment.[1] Since she pled guilty, Wilbanks did not pursue an appeal.[2] She, later, with the assistance of counsel, filed a petition for post-conviction relief in the trial court on May 22, 2006. The trial court denied the petition on December 12, 2007. Wilbanks filed this federal habeas petition on July 30, 2010.[3]

### B. *Discussion*

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation:

---

[1] Wilbanks received a life sentence for murder and a twenty year sentence for aggravated assault to be served concurrently.

[2] In Mississippi, there is no direct appeal from a guilty plea. Miss. Code Ann. § 99-35-101. Rather, a defendant may only pursue an appeal within thirty days of the guilty plea alleging that the sentence imposed is illegal. Miss. R. App. P. 4(a); *Lett v. State*, 965 So. 2d 1066, 1070 (Miss. 2007).

[3] The petition is deemed filed when the prisoner places the document in the prison mail system. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (mailbox rule is applicable to pro se prisoners)

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Since no direct appeal was taken, Wilbanks' conviction and sentence became final thirty days after judgment was entered. Wilbanks' conviction, thus, became final on June 23, 2003[4], the date on which the time for seeking further review in state court expired. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). Wilbanks, therefore, had one-year or until June 23, 2004, to seek federal review of her judgment or "properly file" an application for post-conviction relief in state court to toll the AEDPA limitations period. *See* 28 U.S.C. § 2244(d)(2).

A properly filed application for post-conviction relief will toll the AEDPA's one-year statute of limitation. *Id.* The period is tolled for the length of time the motion is pending. *Starns v. Andrews*, 524 F.3d 612, 616 (5th Cir. 2008).

As noted *supra*, Wilbanks did seek post-conviction review in State Court on May 22, 2006. Wilbanks, however is not entitled to statutory tolling since the state pleading was filed well after the AEDPA's one-year period had expired. Plainly stated, Wilbanks had until June 23, 2004, to seek

---

[4] June 21, 2003, was a Saturday. *See* Fed. R. Civ. P. 6(a).

federal habeas relief. Wilbanks did not file this petition until July 30, 2010, when she presumably delivered it to prison officials for mailing. *Spotville*, 149 F.3d at 376-78. Her petition was, thus, filed 2228 days beyond the expiration of the one-year limitations period.

The petition is untimely unless the Petitioner can demonstrate that the one-year limitations period should be tolled under § 2244(d)(1)(B)-(D). A petitioner must cite "rare and exceptional" circumstances to warrant equitable tolling, or that she was actively misled or prevented in some extraordinary way from asserting his rights. *Ott v. Johnson*, 192 F.3d 510, 513- 514 (5th Cir. 1999). Equitable tolling will not be applied when the applicant failed to diligently pursue his rights. *Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007). Ignorance of the law even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Larry v. Dretke*, 361 F.3d 890, 869-97 (5th Cir. 2004).

In an attempt to avoid the preclusive effect of the limitations period, Wilbanks that she was housed in isolation for six months and that she misunderstood the how the AEDPA's statute of limitations interacted with the state statute for seeking post conviction relief. As has been long held in this Circuit, Wilbanks' lack of knowledge does not provide a basis for the application of equitable tolling. Furthermore, even if she was housed in isolation and her freedom to move freely was sharply restricted, tolling the limitations period for an additional six months would not render Wilbanks' federal petition timely. In any event, Wilbanks has not alleged the existence of any "rare and exceptional" circumstances that would permit the court to consider her petition. The doctrine of equitable tolling will not be used to breath life into her untimely habeas claims. Consequently, the petition must be dismissed with prejudice

A final judgment in accordance with this opinion will be entered.

THIS the 7th day of March, 2011.

                                      **/s/ MICHAEL P. MILLS**
                                      **CHIEF JUDGE**
                                      **UNITED STATES DISTRICT COURT**
                                      **NORTHERN DISTRICT OF MISSISSIPPI**